Citation Nr: 1829830 
Decision Date: 08/29/18 Archive Date: 09/05/18

DOCKET NO. 15-46 003 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California


THE ISSUES

1. Entitlement to an increased rating greater than 10 percent for service-connected psoriatic scalp dermatitis.

2. Entitlement to a compensable evaluation for service-connected pseudofolliculitis barbae.

3. Entitlement to an evaluation in excess of 50 percent for service-connected posttraumatic stress disorder (PTSD), to include symptoms of depression.


REPRESENTATION

Veteran represented by: California Department of Veterans Affairs


ATTORNEY FOR THE BOARD

S. Morrad, Associate Counsel
INTRODUCTION

The Veteran served on active duty from August 2004 to August 2008. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from March 2015 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO). 

The issues of entitlement to an increased rating greater than 10 percent for service-connected psoriatic scalp dermatitis and entitlement to a compensable evaluation for service-connected pseudofolliculitis barbae are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDING OF FACT

On October 24, 2016, prior to the promulgation of a decision in the appeal, the Board received written notification from the Veteran indicating his intent to withdraw his appeal of the issue of entitlement to an evaluation in excess of 50 percent for service-connected PTSD.


CONCLUSION OF LAW

The criteria for withdrawal of an appeal on the issue of entitlement to an evaluation in excess of 50 percent for service-connected PTSD are met. 38 U.S.C. § 7105(b)(2), (d)(5) (2012); 38 C.F.R. § 20.204 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Board may dismiss any appeal that fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105(d)(5). An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204. Withdrawal may be made by the appellant or by his authorized representative. Id. In an October 2016 statement, the Veteran, submitted a written request expressing his intent to withdraw his pending claim for entitlement to an evaluation in excess of 50 percent for service-connected PTSD from appellate consideration. Hence, there remain no allegations of errors of fact or law with respect to the issue of entitlement to an evaluation in excess of 50 percent for service-connected PTSD. Accordingly, the Board does not have jurisdiction to review the instant appeal on the issue of entitlement to an evaluation in excess of 50 percent for service-connected PTSD, and it is therefore dismissed.


ORDER

The appeal as to the issue of entitlement to an evaluation in excess of 50 percent for service-connected PTSD is dismissed. 


REMAND

The Board finds that additional development is required before these claims may be adjudicated. First, with respect to the Veteran's claim for an increased rating greater than 10 percent for psoriatic scalp dermatitis, the evidence of record indicates that the Veteran's symptoms may have worsened since his last VA examination in March 2015, where the examiner did not indicate that the Veteran was symptomatic as a result of psoriatic scalp dermatitis. In his May 2015 Notice of Disagreement, the Veteran's "strongly disagree[d]" with the RO's decision to deny an increased rating for his disability. The Veteran further stated that his "psoriasis condition has gotten a lot worse and it is very painful." He continued in reporting that the psoriasis is on his scalp, chest, and face. In considering the Veteran's contentions of an increase in severity of symptoms, a new VA examination is necessary so that the current state of the Veteran's disability can adequately be evaluated. See Snuffer v. Gober, 10 Vet. App. 400 (1997) (requiring a new examination where the claimant asserts that a disability has increased in severity since the time of the last VA examination).

Second, with respect to the Veteran's claim for a compensable evaluation for pseudofolliculitis barbae, the Board notes that the Veteran was last afforded a VA examination in Marcy 2015. In the examination report, the examiner noted the Veteran's use of hydrocortisone as a topical treatment. See also February 2009 VA examination report (where the Veteran's daily use of hydrocortisone was noted as a topical corticosteroid). The Federal Circuit has explained that a topical corticosteroid treatment could meet the definition of systemic therapy if it was administered on a large enough scale such that it affected the body as a whole. Johnson v. Shulkin, 862 F.3d 1351 (Fed. Cir. 2017). Therefore, the Board finds that a remand is necessary to afford the Veteran a VA examination to ascertain the severity and manifestations of his service-connected pseudofolliculitis barbae and to obtain a medical opinion regarding whether the Veteran's long-term use of topical corticosteroids constitutes a systemic therapy.

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a VA examination to determine the current severity of the Veteran's psoriatic scalp dermatitis disability. The RO should make an attempt to schedule the VA skin examination such that it may be conducted when the Veteran's service-connected psoriatic scalp dermatitis is active. If such examination cannot be conducted during a period of flare-up of the skin disorder, the examiner must record a detailed clinical history describing the symptom manifestations during flare-ups. The claims file must be made available to, and reviewed by, the examiner. All indicated tests and studies must be performed. 
The examiner should report the measurement of the percentage of the entire body and the percentage of exposed areas of the body affected by the service-connected psoriasis, including identifying the extent of area affected during flare-ups.
The examiner should report whether systemic therapy such as corticosteroids or other immunosuppressive drugs is required and, if so, the total duration required over the past 12 months.
2. Schedule the Veteran for a VA examination to ascertain the current severity and manifestations of his service-connected pseudofolliculitis barbae. Any studies, tests, and evaluations deemed necessary by the examiner should be performed. 
The examiner is requested to review all pertinent records associated with the claims file.
The examiner should report all signs and symptoms necessary for evaluating the Veteran's pseudofolliculitis barbae. In particular, the examiner should specify the location and extent of the disability in terms of percentage of the body affected and percentage of exposed areas affected.
The examiner should also identify the medications used to treat the disability and the duration of such treatment since May 2014, including hydrocortisone. The examiner should indicate whether each medication is topical, corticosteroid, or immunosuppressive. If the medication is topical, the examiner should address whether it was administered on a large enough scale such that it affected the body as a whole and could be considered systemic therapy. 
A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. 
3. After completing the above actions and any other development as may be indicated as a consequence of the actions taken in the preceding paragraphs, the claims must be reviewed and readjudicated by the AOJ. If any benefit sought is not granted, the Veteran and his representative should be furnished a supplemental statement of the case and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).




______________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs